■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS DEMBO, Appellant.—Judgment, Supreme Court, New York County (Carol Berkman, J., at plea and sentence) rendered March 27, 1984 convicting defendant of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and sentencing him as a second violent felony offender to 2½ to 5 years in prison, unanimously modified on the law to reduce the sentence to 2 to 4 years, and otherwise affirmed.

The defendant was indicted on January 27, 1984 under indictment No. 54/84 for arson in the second degree and criminal possession of a weapon in the third degree, premised upon the facts that he chased his girlfriend to her mother's apartment, brandished a hatchet and demanded entry. When entry was refused, the defendant left after declaring that he would burn down the apartment.

When the police arrived, the defendant was arrested with the hatchet still in his hand. A fire he had started in a garbage can in the apartment he shared with his girlfriend was extinguished before any damage could be done.

The defendant pleaded guilty to one count of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1) in full satisfaction of the indictment. At the plea, the Judge informed the defendant that since he was pleading guilty to a class D violent felony: "[T]he minimum sentence, as I understand you have previously been convicted of a violent felony, is a two-and-a-half to five years in state prison." When defendant stated that he understood, the Judge continued "Now, I have indicated that I would impose the minimum legal sentence. That is a term of from two-and-a-half to five years in state prison." On March 27, 1984 the Judge sentenced defendant, as promised, to 2½ to 5 years.

On this appeal, the defendant asserts, and the People agree, that the crime to which he pleaded was not a violent felony offense. Criminal possession of a weapon in the third degree is classified as a violent felony offense only when the weapon is a firearm (Penal Law § 70.02 [1] [c]; § 265.02 [4], [5]). The weapon here involved was a hatchet. Although defendant could properly be adjudicated a second felony offender because he did not dispute his first violent felony conviction, he was improperly adjudicated and sentenced as a second violent felony offender.

Since the error stands conceded and is patent, the judgment should be modified to reduce the sentence to the minimum allowed for a second felony offender, 2 to 4 years, as we have

directed. Concur—Sullivan, J. P., Ross, Fein, Milonas and Ellerin, JJ.